STATE OF MINNESOTA *ex rel.* Emma C. Lembke *vs.* FRANK BECHDEL.

April 16, 1888.

**Habeas Corpus—Action of Court Commissioner—Review by District Judge.**—A court commissioner having, upon a writ of *habeas corpus,* heard and determined a contest between the relator and the respondent for the custody of an infant, the district judge has no authority, upon reviewing a certified statement of the testimony, to reverse that decision, the same being reasonably justified by the case, and there being no assignable error. Consent would not confer the necessary jurisdiction.

**Same.**—The discharge of a subsequent writ issued out of this court for the same cause (discharged because the question had been before adjudicated), did not determine which of the former adjudications should prevail.

**Appeal.**—An order for a judgment is not appealable.

*Habeas corpus.* Appeal by relator from a judgment of the district court for Scott county, and from an order of the same court vacating an order of a court commissioner, and directing judgment for respondent.

*Henry J. Gjertsen* and *Sillas S. Fallars,* for appellant.

*R. A. & F. C. Irwin* and *H. J. Peck,* for respondent.

DICKINSON, J.[1] The relator, claiming to be the mother of an infant which was in the custody of the respondent, sought, by means of a writ of *habeas corpus,* to have the custody of the child awarded to her. The petition was made to the court commissioner of Scott county, who directed the issuance of the writ, returnable before himself. Upon the return of the writ the testimony of several witnesses was given orally, bearing upon the question whether the relator or the respondent ought to be intrusted with the care of the child; and thereupon that officer determined the facts of the case, and that the relator was entitled to have the care and custody of the child, and judgment was directed to that effect. The court commissioner caused to be filed, in the office of the clerk of the district court, a certified statement of the testimony presented before him; and thereupon the respondent made a motion before the Hon. James C. Edson, the judge of that court, for an order vacating the order of the court commissioner, and remanding the infant to the custody of him, the respondent. This application was heard and determined, without objection, upon the certified statement of the testimony. Upon this the court made specific findings of fact, and particularly that the relator was not a proper person to have the care of the child, and that the same should be awarded to the respondent. Judgment was directed and entered accordingly, and the relator appealed both from the judgment and from the order therefor.

The authority of the court commissioner to hear and determine the matter in question is not denied, the real controversy being as to the power of the district judge to vacate the order of the court commissioner, and to redetermine the matter, as was done. The jurisdiction of the court commissioner in such cases can only be sustained upon

[1] Mitchell, J., did not hear the argument, and took no part in the decision of this case.

the theory that in such proceedings he has the power of, and acts as, a judge of the district court. The statute regulating the issuance of the writ only authorizes an application therefor to the supreme or district court, "or to any judge thereof," (Gen. St. 1878, c. 80, § 23;) and, by the constitution, the power of a court commissioner is only such as may be exercised by a judge of the district court at chambers. Const. art. 6, § 15. The proceeding in question is of a judicial character, and the determination must be given the same effect as if it had been made by a judge of the district court. Whatever remedy there may be for errors committed in the course of such a proceeding, the court has no authority to set aside the determination except "upon good cause shown." Gen. St. 1878, c. 66, § 125. It is not "good cause shown," nor a sufficient reason for the course pursued in this case, that upon reading the certified statement of the testimony, and without having seen the witnesses and the parties contending for the custody and care of an infant of tender years, the judge may be of the opinion that a reversal of the decision of the officer who heard the testimony, and saw the parties, would better serve the interests of the infant, and be more just. The statute confers no appellate or revisory power to be exercised in that way over the judicial and discretionary determination of an officer of concurrent and equal jurisdiction, whose proceedings have been without error, and whose decision is fairly justified by the case; nor has the court any such inherent power. If a judge from another district, while properly acting in this county of Scott in place of the judge for the district of which that county is a part, had entertained and heard such a cause, and had decided it, the testimony justifying his decision, it cannot be supposed that any other judge of that court would have authority, upon a review of such a case, to redecide the same according to *his* discretion and judgment, there being no assignable legal error. This case is not distinguishable, in principle, from that just supposed. It is not important that the relator did not object to the proceeding. It was without legal authority, and consent could not confer the necessary power.

It is contended that the validity of the action of the district judge has been already adjudicated in this court by a decision discharging

:a writ of *habeas corpus* issued out of this court upon the petition of this relator. *State* v. *Bechdel,* 37 Minn. 360, (34 N. W. Rep. 334.) As to this it is enough to say that the admitted facts upon which our action was based embraced the proceedings before, and decision of, the court commissioner as well as of the judge of the district court. It was immaterial whether the decision of the latter reversing the former was valid or not, and the question here presented was not before us.

The judgment of the district court will be reversed. The order of the district judge for judgment was not appealable, and that appeal will be dismissed.