FRANK HOSKINS v. L. L. BAXTER.[1]

April 23, 1896.

Nos. 9950—(162).

**Habeas Corpus—Right to Writ—Sufficiency of Petition.**

The writ of habeas corpus, although a constitutional and imperative writ of right, does not issue, as a matter of course, to every applicant. The petition for the writ must show probable cause for issuing it, and where the petition, on its face, shows no sufficient prima facie ground for the discharge of the applicant, the writ may be legally refused.

**Court Commissioner—Power to Issue Warrant of Arrest.**

Court commissioners of this state, by virtue of G. S. 1894, § 7132, have power to issue a warrant of arrest, and apprehend, examine, commit, or bail all persons charged with a crime.

Appeal by plaintiff from a judgment of the district court for Otter Tail county, in favor of defendant, entered in pursuance of the order of Searle, J. Affirmed.

*Francis H. Clarke*, for appellant.

*Parsons & Brown*, for respondent.

START, C. J. This action is based upon Gen. St. 1894, § 6001, which is in these words: "If any officer herein authorized to grant writs of habeas corpus wilfully refuses to grant such writ when legally applied for, he shall forfeit, for every such offence, to the party aggrieved, one thousand dollars."

[1] Reported in 66 N. W. 969.

The complaint alleges that the defendant on February 13, 1893, was a judge of the district court of the Seventh judicial district of this state, and that on that day the plaintiff was restrained of his liberty and imprisoned in the county jail of Otter Tail county by the sheriff thereof; thereupon he presented his petition to the defendant, as such judge, for a writ of habeas corpus; and that the defendant willfully refused, in violation of the statute, to issue the writ. The answer admits that the defendant was and is a judge, as alleged in the complaint, but denies that the plaintiff ever legally applied to him for a writ of habeas corpus, and alleges that no application showing the plaintiff entitled to the writ was ever made to the defendant by or on behalf of the plaintiff, and denies the other allegations of the complaint. On the trial of the cause both parties moved for judgment on the pleadings, and the plaintiff appeals from a judgment, entered upon an order of the trial court, granting the defendant's motion, and refusing that of the plaintiff.

The only question raised by the defendant's motion is whether the complaint states a cause of action. The defendant claims that it does not, because it shows on its face that no legal application was ever made to him for the writ. The substance of the application is set forth in the complaint, and the cause and pretense of the plaintiff's restraint is therein stated to be a warrant of arrest for the offense of criminal libel, issued by R. H. Marden, as court commissioner of the county, and that such warrant was illegal in that Marden, as such court commissioner, had no right to issue the same. Or, in other words, the sole reason or claim stated in the petition why the writ should issue, and why the plaintiff's restraint was unlawful, was that the warrant was issued by a court commissioner, acting as a committing magistrate, and that such commissioners have no power so to act and issue a warrant to bring parties before them for examination. The plaintiff claims: First, that the allowance of the writ of habeas corpus is purely a ministerial act, and that the judge or officer to whom a petition for the writ is presented has no discretion, but must issue the writ, although the petition, on its face, fails to show probable cause for issuing it; second, that the court commissioner had no power to issue the warrant of arrest.

1. While it is true, as claimed by the plaintiff, that the writ of habeas corpus is a constitutional and imperative writ of right, for the protection of personal liberty, yet it does not issue, as a matter of course, to every applicant, unless it is so provided by express statute. If the writ issued as a matter of course, without inquiry or probable cause, its allowance would be a mere ministerial act, and the party claiming it might go to the clerk of the court and sue it out, as he might any other writ or process which issues as a matter of course. If the granting of the writ is a ministerial act, and it must be allowed, under a penalty of $1,000, whenever applied for, as claimed by the plaintiff, then the courts are under the control of all offenders against the laws of the state; for, whenever any of them find life in prison monotonous, and desire to attend the sittings of the court for recreation, all that it is necessary for them to do is to apply for a writ of habeas corpus. If such is the law, "a sentence to solitary confinement would be a sentence that the convict should travel for a limited term up and down the state, in company with the officers who might have him in charge. By the same means the inmates of the lunatic asylums might be temporarily enlarged, much to their own detriment, and every soldier or seaman in the service of the country could compel their commanders to bring them before the court six times a week." Williamson's Case, 26 Pa. St. 9, 15.

Except in those states where the statute makes it the absolute and imperative duty of the court or officer to grant the writ in all cases, the rule is too well settled to justify serious argument that an application for a writ of habeas corpus must show probable cause for the issuing of the writ, and that the court or judge may refuse the writ when the petition shows on its face that there is no sufficient ground, prima facie, for the discharge of the prisoner. The court will not go through the idle ceremony of bringing before it the petitioner, if it is apparent from his application that he must be immediately remanded. Williamson's Case, supra, 67 Am. Dec. 395, and notes. Our statute relating to the writ of habeas corpus does not change this rule. To prevent frivolous applications for the writ, the petition must be verified by the applicant, or some person in his behalf; and it must show probable cause for issuing the writ, by stating the cause or pretense of the party's restraint;

and, if it is claimed that the imprisonment is illegal, the petition must state in what the illegality consists. G. S. 1894, § 5998. To prevent evasions, and to secure and enforce the constitutional right to the writ, a penalty of $1,000 is imposed on any officer who willfully refuses the writ when legally applied for. G. S. 1894, § 6001. When the writ is applied for substantially in the manner provided by section 5998, it is legally applied for, even if it is technically defective, and the petitioner's right to the writ is absolute and imperative; and the penalty is incurred, if, in such a case, the writ is willfully refused. If the petition does not so comply with the statute, and show probable cause, it is not legally applied for, and the writ may be lawfully refused.

2. This brings us to the question whether the petition in question disclosed upon its face probable cause for issuing the writ; that is, did it show, prima facie, that the plaintiff was unlawfully imprisoned?

The only ground stated in the petition why the plaintiff's imprisonment was illegal was that the court commissioner had no power to issue the warrant of arrest on a charge of criminal libel against the plaintiff. If court commissioners of this state are authorized to apprehend, examine, and commit for trial or bail offenders, the plaintiff's petition showed on its face that he was not illegally restrained of his liberty, and the writ was properly denied; otherwise it ought to have been issued. Have court commissioners such power, under the constitution and laws of this state? We answer the question in the affirmative.

The constitution and the statute confer upon such officers the judicial power and jurisdiction of a judge of the district court at chambers. Const. art. 6, § 15; G. S. 1894, § 824. The power and jurisdiction of a judge at chambers are precisely those of a judge in vacation. The term "chambers" means the private room or office of a judge, where, for the convenience of parties, he hears such matters and transacts such business as a judge in vacation is authorized to hear, and which do not require a hearing by the judge sitting as a court. The chambers of a judge are not an element of jurisdiction, but of convenience. For the purposes of jurisdiction, the chambers of a judge are wherever he is found within his district, and any business he is authorized to do as a judge

in vacation is chamber business. 4 Enc. Pl. & Prac. 337. The powers of a judge in vacation are often confounded with those of a court in vacation, under our statute (G. S. 1894, § 5388), which declares the district courts of the state to be always open for all business except the trial of issues of fact. Gere v. Weed, 3 Minn. 249 (352). A judge in vacation has no power to hear and determine any matter which the court only can hear. When, under the statute, he hears such matters in vacation, he sits as a court, and not as a judge in vacation or at chambers. A judge of the district court in vacation has power to issue a writ of habeas corpus, and determine the legality of the imprisonment of the petitioner. Therefore a court commissioner has such power. G. S. 1894, § 5996; State v. Hill, 10 Minn. 45 (63). A judge of the district court in vacation is a conservator of the peace, and has power to apprehend, examine, and commit or bail, all persons charged with crime. G. S. 1894, § 7132. The legislature could not enlarge the powers of court commissioners by enlarging the powers of a judge at chambers; that is, in vacation. Hence, if, at the time of the adoption of the constitution, judges in vacation were conservators of the peace, and had power, when not sitting as a court, to apprehend offenders, then court commissioners of this state, under the statute cited, have the same power in the premises; otherwise not. At common law, all of the justices of the court of king's bench were conservators of the peace throughout the whole kingdom, with power, in vacation, by warrant, to apprehend, examine, commit, or bail persons suspected of crime. 1 Cooley, Bl. 350; 1 Bishop, Cr. Proc. § 225. The same power was conferred in this state upon judges of the district court in vacation, prior to the adoption of the constitution. Rev. St. 1851, c. 114, § 1 (G. S. 1894, § 7132). It follows, therefore, that court commissioners have power to issue warrants of arrest, and act as committing magistrates, and that the plaintiff's application for a writ of habeas corpus was properly denied.

Judgment affirmed.