## S. J. BETTS v. GUST NEWMAN.[1]

November 27, 1903.

Nos. 13,630—(64).

**Appeal Bond—Sureties.**

Laws 1897, p. 46, c. 46, construed, and *held* that the justification of the sureties on an appeal bond as therein provided may be had before the court commissioner of the proper county.

Appeal by defendant from a judgment of the district court for Meeker county, Powers, J. Reversed, and remanded with instructions.

*O. Mosness,* for appellant.

*H. S. McMonagle* and *A. F. Foster,* for respondent.

START, C. J.

The here material facts of this case are these: The plaintiff, August 20, 1902, recovered in a justice court of the county of Meeker a judgment in his favor against the defendant for $30.81. The defendant appealed from the judgment to the district court of the county. On November 18, 1902, and before the commencement of the term of court at which the case was to be tried, the plaintiff duly gave notice to defendant, pursuant to Laws 1897, p. 46 (c. 46), that he excepted to the sureties on the appeal bond. Thereupon the defendant gave written notice to the plaintiff that at a time and place named the surety excepted to would justify before the court commissioner of the county, naming him. The plaintiff appeared before the court commissioner, and objected to any proceedings under the notice for the reason that the commissioner had no jurisdiction in the matter. The commissioner proceeded and examined the surety as to his qualifications as such, and indorsed his approval of the surety upon the appeal bond, the plaintiff taking no part in the proceeding. Thereafter the plaintiff on due notice moved the district court for an affirmance of the judgment of the justice on the ground that he had duly excepted to the sureties upon the appeal bond and the sureties had never justified, nor had any new sureties been given in place of them. The district court, on

[1] Reported in 97 N. W. 371.

the hearing of the motion, found as a fact that the plaintiff duly excepted to the sureties on the appeal bond, that they never justified except before the court commissioner of the county, and that no new sureties were given in place of them, and as a conclusion of law ordered that the judgment of the justice be affirmed. Judgment was so entered, from which the defendant appealed.

The plaintiff urges in this court some objections as to the regularity of the justification of the surety before the court commissioner, but they are without merit, as well as his objection to the sufficiency of the assignment of error. It is apparent from the record that the action of the district court in awarding the judgment of affirmance was based solely upon the proposition that court commissioners have no jurisdiction to hear and determine proceedings relating to exceptions to sureties on appeal bonds in cases of appeals from justice court, provided for by Laws 1897, p. 46 (c. 46). If this be a proper construction of the statute, then the judgment of the district court was right, but, if court commissioners are authorized to take the justification of such sureties, the judgment must be reversed.

The question so presented is one of much practical importance, for, if the statute in question excludes court commissioners from acting under it, then in judicial districts consisting of several counties with only one judge the statute may easily be made the instrument of oppression and a miscarriage of justice. In such judicial districts cases might well arise in which it would be practically impossible to secure a justification of the sureties before the judge of the district within the time limited by the statute, while in ordinary cases the expense of taking the sureties before the judge might relatively be so great as to force an abandonment of the appeal. A construction which would result in practice in such injustice ought not to be accepted if the statute can be fairly construed otherwise.

When the statute is read as a whole, and construed with reference to the powers of the court commissioners, we are of the opinion that it authorizes such officers to take the justification of sureties on appeal bonds in proceedings under it. Section 1 of the statute provides that in cases appealed from the judgment of a justice of the peace the respondent at any time after the allowance of the appeal, and before the commencement of the term at which it is to be tried, may give written

notice to the appellant that he excepts to the sufficiency of the sureties on the appeal bond. Section 2 provides that for the purpose of justification the sureties may attend before "the judge of the court to which the cause is appealed" at such time and place not less than two days nor more than ten days after notice of such exception as may be designated by the appellant in a written notice served two days prior to such justification. Section 3 is to the effect that, if any surety fails to appear and justify, another may be offered within two days, and an adjournment had for that purpose. Section 4 is in these words:

> "If the old or new sureties justify to the satisfaction of the judge he shall indorse his approval upon the bond. If they do not so justify then the judge shall order that the judgment of the justice be affirmed."

Court commissioners are by the Constitution and statute vested with the power and jurisdiction of a judge of the district court at chambers; that is, in vacation. Const. art. 6, § 15; G. S. 1894, § 824. A judge in vacation has no power to hear and determine a matter which the court only can hear. He cannot, as a judge in vacation, try and determine actions not involving issues of fact, and award final judgment. When, in vacation, he hears and determines such actions, he acts as a court in vacation by virtue of the statute. The taking of bail and the approval of appeal bonds, including the taking of the jurisdiction of the sureties thereon, are, and always have been, among the undoubted powers of a judge of the district court in vacation; hence within the power of a court commissioner. Hoskins v. Baxter, 64 Minn. 226, 66 N. W. 969. It follows that, if the statute under consideration by its terms necessarily excludes court commissioners from acting, or if it imposes upon the judge taking the justification duties which he could not discharge as a judge in vacation, but only as a court sitting in vacation, then a court commissioner has no power to act under it.

The claim that court commissioners are excluded from the purview of the statute is based upon the provision of section 2, which is to the effect that the sureties may attend before the judge of the court to which the cause is appealed. This language, however, is no more exclusive than the provision of the statute relating to habeas corpus, which requires the application for the writ to be made to the supreme

or district court or any judge thereof within the county where the prisoner is detained. The jurisdiction of court commissioners to hear and determine habeas corpus proceedings is undoubted, because at common law a judge at chambers possessed such jurisdiction. Pub. St. 1858, c. 73, § 26; G. S. 1894, § 5996; State v. Hill, 10 Minn. 45 (63). We hold that court commissioners are not excluded by the statute in question.

The further claim that the statute imposes duties on the judge which cannot be discharged by a judge in vacation is based upon section 4 thereof. This section, however, does not impose upon the judge the duty of hearing and determining the action and awarding judgment. It simply declares what the legal effect shall be of a failure of the sureties to justify when they are excepted to. Judgment of affirmance follows in such a case as a matter of course, and its formal entry is as much of a ministerial duty as it would be if the statute had provided that the clerk should enter judgment of affirmance on filing proof of exception to the sureties on the appeal bond and their failure to justify. In such a case the judgment would be the act of the court by virtue of the statute precisely as in the case of the entry of judgment by the clerk on the filing of proof of service of the summons and of no appearance by the defendant in an action for the recovery of a definite sum of money.

We accordingly construe the statute as conferring upon the judge of the district court only such duties as are within the power and jurisdiction of judges in vacation, and therefore of court commissioners. It follows that the justification of the sureties in this case before the court commissioner of the proper county was authorized, and that the trial court erred in directing judgment of affirmance.

Ordered, that the judgment appealed from be reversed, and the case remanded to the district court for further proceedings on the appeal.