SACRAMENTO SUBURBAN FRUIT LANDS COMPANY v. FRANK A. NILES.[1]

November 12, 1915.

Nos. 19,436—(82).

**Court commissioner — vacating judgment in district court.**

1. A court commissioner is without power to vacate a judgment rendered by the district court, and an order made by him purporting to do so is a nullity.

**Appeal from order of commissioner.**

2. No appeal lies to this court from an order made by a court commissioner.

Action in the district court for Koochiching county to recover $450 upon a promissory note.    From an order of the court commissioner for the county vacating a judgment entered by default and allowing defendant to defend, plaintiff appealed.    Dismissed.

*Phinney & Campbell,* for appellant.

*Kane & Palmer,* for respondent.

TAYLOR, C.

A judgment was rendered against defendant by default in a suit upon a promissory note.    Shortly thereafter defendant procured from the court commissioner an order to show cause why the judgment should not be vacated and defendant be permitted to answer and defend.    At the

[1] Reported in 154 N. W. 748.

131 M.—9.

hearing the court commissioner made an order in terms vacating the judgment and directing that defendant's proposed answer stand as the answer in the case. Plaintiff appealed from this order.

The order is not appealable. The court commissioner is clothed "with judicial power and jurisdiction not exceeding the power and jurisdiction of a judge of the district court at chambers." Const. art. 6, § 15. At common law the court could act only during term time, but there were certain powers which the judge could exercise outside of term time, or, as commonly expressed, "at chambers." By statute the district courts of this state are always open and the judge may exercise the powers of the court, for many purposes, as well in vacation as in term time. He possesses, at all times, both the powers of the court and the common law powers of a judge at chambers. The court commissioner possesses none of the powers of the court, but only the common law powers of a judge at chambers. The distinction between the powers of a court commissioner, and the powers of a judge acting as a court in vacation was clearly pointed out and defined as long ago as Gere v. Weed, 3 Minn. 249 (352). It was again pointed out and defined in Hoskins v. Baxter, 64 Minn. 226, 66 N. W. 969, and in Betts v. Newman, 91 Minn. 5, 97 N. W. 371. The judgment in question was rendered by the district court, and could be vacated by the judge only when acting as a court. It was beyond the power of the court commissioner to vacate it, and his order was a mere nullity. The judgment stands as if such order had not been made. Pulver v. Grooves, 3 Minn. 252 (359).

Gere v. Weed, supra, also pointed out that no appeal to this court is given from an order made by a court commissioner. If he make an improvident order, the remedy is to apply to the district court to vacate it (Pulver v. Grooves, supra); and it can be reviewed by this court only upon an appeal from the district court. The appeal is dismissed for lack of jurisdiction, but without costs as the point was not raised by respondent.