## STATE v. RAY HEMENWAY.[1]

March 26, 1935.

No. 30,463.

*Josiah A. Baker,* for appellant.
*Elmer R. Peterson,* County Attorney, for the state.

STONE, JUSTICE.

February 5, 1935, the defendant above named and seven others were jointly indicted in Freeborn county of the crime of riot, a felony. 2 Mason Minn. St. 1927, §§ 10280-10281. They were placed on trial February 19, 1935. Such proceedings were had that their original pleas of not guilty of riot were withdrawn and pleas of guilty to the unlawful entry of a building (a gross misdemeanor under 2 Mason Minn. St. 1927, § 10318) were substituted. They were represented by competent counsel, who, in asking leave to withdraw the original and substitute the new pleas, took the position that the crime of unlawful entry of a building under the cir-

[1] Reported in 259 N. W. 687.

cumstances of the case, as they appeared in part from the indictments, "is an element, or is embodied in the statute under which the indictment is pending  *  *  *." Particular inquiry was made on that point by the court. The representation of counsel for defendants (Mr. Gallagher) was as follows:

"I don't think there is any question, Your Honor, but what the plea of guilty to the section of the statute just referred to would be included as an element of the offense involved in the indictment. Of course, we would be concerned about that because we would wish it to be a bar to any further proceedings under the indictment, and I think the county attorney so considers it."

The point was decided as defendants urged that it should be decided. Their argument so prevailing, their pleas of guilty were accepted, and they were sentenced to serve 60 days in the county jail.

Notwithstanding the foregoing, defendant Hemenway applied to E. S. Hammond, Esq., court commissioner of Freeborn county, for a writ of *habeas corpus*.[2] The commissioner did not issue the writ but, March 11, 1935, ordered that one issue to the sheriff and that it be returnable the next day at two p. m. Such a writ was issued by the clerk. But before it could be heard the county attorney procured an order to show cause, directed only to, and served only upon, the court commissioner, which was returnable and was heard at three p. m. March 12. In the meantime and by its terms, the commissioner had been restrained from proceeding further and the sheriff from obedience to the writ. Upon the hearing, the court commissioner's order for the writ was vacated "as an improvident order" and the writ itself quashed. Defendant appeals from that order.

■ The argument for defendant that a judge of the district court has no power so to review and vacate an order of the court commissioner is without merit. The commissioner is not the court.

[2]Similar proceedings were had below in the seven other cases. They need no further mention. This single appeal by Hemenway is apparently intended as a test to dispose of all.

As "a subordinate officer of the court" (15 C. J. 682), he has only the powers of a judge at chambers. He has none of the powers of the court as such. But the judge himself has them and usually, but not always, exercises the powers of the court as such. See Betts v. Newman, 91 Minn. 5, 97 N. W. 371. Therefore, he has power to vacate an order of the court commissioner. Even where there are two or more judges of the same court, one judge in a proper case has the power to vacate the mere order of another. That happens infrequently because of the restraint of judicial comity rather than of any lack of power. It is too plain for argument that a judge, when acting as the court itself, in or out of vacation, has the power to vacate the mere order of a court commissioner. It might be otherwise if the latter official had actually heard and decided on the merits any matter within his jurisdiction. State ex rel. Lembke v. Bechdel, 38 Minn. 278, 37 N. W. 338. Except as there indicated, the notion is erroneous that the acts of a court commissioner are beyond the supervisory and reviewing power of the court itself. The mere order or writ of a court commissioner, without decision on the merits, cannot oust the court itself of the jurisdiction to try and determine.

But, notwithstanding possession of the power, we are constrained to hold that in this case it was improperly exercised. The proceeding before the court commissioner was neither part nor continuation of the criminal action above entitled. It was a new and independent proceeding. Notwithstanding, the order to show cause directed to the commissioner was entitled in the criminal action. That perhaps was an irregularity which might even now be cured by amendment. But we cannot so get around the fact that the order to show cause, as result of which the order for and the writ of *habeas corpus* itself were quashed, was served only upon the court commissioner and not upon the petitioner, the defendant above named. The latter did not appear below. He was the adverse party upon whom, more than anybody else, service was necessary. Inasmuch as he had instituted the action through an attorney, service ought to have been made upon that attorney. 2 Mason Minn. St. 1927, §§ 9239-9240. Such notice of the motion

and order was required.  2 Mason Minn. St. 1927, § 9246.  In the absence of such notice, the court was without power to vacate the order for and quash the writ itself.  Hence the order under review must be and is reversed.