STATE OF MINNESOTA *vs.* LEO MILLER, impleaded, etc.

February 8, 1877.

**Criminal Appeal, where no Exceptions have been Taken.**—When the return to an appeal in a criminal case contains the indictment and judgment, but no exceptions settled and allowed as prescribed by Gen. St. *c.* 117, § 6, the only question to be considered is as to the sufficiency of the indictment to support the judgment.

The defendant Miller and one Mattie Strickland were jointly indicted, in the district court for Dakota county, for the offence of lewdly and lasciviously cohabiting together, not being married to each other, and neither of them being married. The defendant Miller waived a jury, and was tried before *Crosby*, J., the following stipulation as to the facts of the case having been made between him and the county attorney:

### [STIPULATION.]

" It is hereby stipulated, by and between the defendant Leo Miller and the State, as follows:

" *First.* That a jury trial is waived on the part of the defendant.

*Second.* That the defendant has, and now does, and did at the time charged in the indictment, live, cohabit, and associate with Mattie Strickland, at the county of Dakota, state of Minnesota, under and by virtue of a contract entered into by and between this defendant and said Mattie Strickland, a copy of which is hereto attached; that no marriage ceremony, under the laws of the state of Minnesota, or any other state or territory, has ever been performed; that they have never been married according to the laws of any state, and disclaim what is called legal marriage.

" *Third.* That said cohabitation and association between said parties is a conscientious belief of each of them, and

they claim the right thus to associate and cohabit under the constitution of the United States and state of Minnesota, which guarantees liberty of conscience to every citizen.

" *Fourth*. That the question of such right should be submitted to the court upon the foregoing statement, subject to the right of appeal.

" Dated June 26, 1876."

[CONTRACT.]

"UNION——CIVIL AND CONJUGAL.

" The undersigned, this second day of November, A. D. 1875, enter into a business partnership under the name of Miller & Strickland, on the following conditions, to wit: That all earnings and profits arising from our individual and joint labors, whether in departments of literature, art, mechanics, agriculture, or trade, shall be shared and held equally.

" Believing that the divine principle of love, drawing together two kindred souls, is the only binding law in the conjugal union of the sexes, and the only law making right such intimate relations, we are also happy to confess to each other, to God and His angels, and to all the world, the existence of a mutual affection known by that name; and we deliberately join heart and hand in this most sacred of all unions, hoping and praying that the tie that binds us may last through life and survive the grave.

" Should this union be blessed by offspring, we jointly and severally pledge ourselves, our assigns, and administrators, to foster and support them during the dependent years of infancy and youth, supplying their physical wants and rearing them in principles of virtue and knowledge, to the best of our ability and judgment.

" This simple form of conjugal union we are constrained to adopt from the deepest conscientious convictions of right and duty; and we sincerely regret that condition of society which, if we would be true to ourselves, makes it necessary

v.23m—23

for us to oppose the opinions of a majority of our fellow-creatures—disregarding the laws and customs which they assume to make for the control of an affection between the sexes, which we believe is, and of divine right ought to be, free.

[Signed]                          " LEO MILLER.
[Signed]                          " MATTIE STRICKLAND.
" Chicago, Ill., Nov. 2, 1875."

The defendant Miller was found guilty, and sentenced to pay a fine of $25, and, in default of payment, to imprisonment for ten days in the county jail, from which judgment he appeals.

*Leo Miller,* appellant, submitted a printed argument, advocating, at great length, the right of himself and Miss Strickland to make and perform the contract above recited.

*Geo. P. Wilson,* Attorney General, for the State, submitted the case without argument.

CORNELL, J.  The question sought to be presented and argued by defendant is not properly before us for consideration.  The return to the appeal contains no exceptions taken to " any opinion, direction, or judgment" of the court below, and settled, allowed, and made a part of the judgment roll, as prescribed by Gen. St. *c.* 117, § 6.  Hence, the only question which can be considered upon the record before us is as to the sufficiency of the indictment to support the judgment.  As appellant makes no question of this character, and none is apparent to the court, the judgment is affirmed.