### STATE OF MINNESOTA *vs.* J. K. WYMAN.

#### December 20, 1889.

*Intoxicating Liquor—Sale without License—Indictment.*—In an indictment for selling liquors without a license, a charge that the defendant sold "one gill of whiskey" sufficiently defines the quantity, and shows that it was less than five gallons.

*Appeal—Bill of Exceptions, when Required.*—Where there is no bill of exceptions contained in the record, no question will be considered in this court, except as to the sufficiency of the indictment to support the judgment.

Writ of error to the district court for Waseca county, where defendant was convicted on a trial before *Buckham,* J., and a jury, and sentenced to pay a fine of $100 and costs, and be committed to the county jail for 30 days. The record contains no bill of exceptions, but contains a statement of evidence and of the charge at the trial, certified by the clerk of the court, and not showing any exceptions taken by defendant.

*C. B. Palmer,* for plaintiff in error.

*Moses E. Clapp,* Attorney General, and *Samuel Lord,* for the State.

VANDERBURGH, J.  Indictment for selling intoxicating liquors without a license. The first assignment of error is that the indictment does not show that the quantity of liquor sold was less than five gallons. This is the only objection to the indictment. The amount specified as having been so sold is one gill of whiskey. This, however, sufficiently defines the quantity sold, and on the face of the indictment shows that it was within the statutory limit. *State* v. *Lavake,*

26 Minn. 526, (6 N. W. Rep. 339.)   The other questions in the case are such as could only be raised upon a bill of exceptions duly settled and allowed by the trial judge, as required by Gen. St. 1878, c. 117, § 6.   But there is no bill of exceptions in the record, and the minutes of the evidence have no place in the record, and cannot be considered here.   *State* v. *Miller*, 23 Minn. 352.

Judgment affirmed.