## STATE v. ELMER SWAN.[1]

January 20, 1922.

No. 22,645.

**Criminal law—review on appeal limited to case or bill of exceptions.**

1. On an appeal in a criminal case this court cannot consider matters not set forth in a settled case or bill of exceptions.

**Trial—refusal of court to take recess not error.**

2. There was no error or misconduct in refusal by the court to take a recess to permit defendant's counsel to confer with his client, nor in the remarks of the court in denying such request.

Defendant was indicted by the grand jury of Blue Earth county charged with the crime of carnal knowledge of a female child under the age of 18 years, tried in the district court for that county before Comstock, J., and a jury and found guilty as charged in the indictment. From the judgment sentencing him to the St. Cloud Reformatory, defendant appealed. Affirmed.

*Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Phillips,* County Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the crime of carnal knowledge of a girl under the age of 18 years. He appeals.

1. Defendant's counsel assigns as error that after 9 men had been selected to try defendant, a jury in the case of Harold Swartout, indicted for carnal knowledge of the same child, returned to the court room and rendered a verdict of not guilty, and the court in discharging Swartout expressed in strong terms his belief in Swartout's guilt. This alleged error is not presented for review. The settled case does not present the proceeding in court on the

[1]Reported in 186 N. W. 581.

occasion in question. Defendant's proposed case contained the language complained of, but it was not incorporated in the settled case. The statute requires that exceptions shall be reduced to writing and presented to the trial court and allowed and signed by the judge, G. S. 1913, § 9246, and that, in case of appeal, the appellate court shall, on the return thereto, proceed and render judgment on the record before it. Section 9247. If the court improperly refuses to settle a proper case or bill of exceptions, the appellant has his remedy in mandamus. State v. Atanosoff, 138 Minn. 321, 164 N. W. 1011. But matter not set forth in the bill of exceptions or case cannot be considered on appeal. State v. Miller, 23 Minn. 352; State v. Wyman, 42 Minn. 182, 43 N. W. 1116. If it be deemed that there was an intermission of the trial when the Swartout jury returned, then what occurred might have been presented to the trial court by affidavit on the ground that there was misconduct or irregularity. But there was no such affidavit presented.

2. The other exception assigns as error the refusal of the court to take a recess during the course of the trial, in order to permit defendant's counsel to confer with his client. Appellant was arraigned February 5, and the same counsel then appeared for him by appointment of the court. The case was called for trial February 24. Counsel was again appointed and proceeded to trial without request for delay. The trial was resumed on the twenty-fifth and a recess of 15 minutes was taken during the forenoon. Several witnesses on both sides were sworn. Appellant was called as the last witness for the defense, and after his examination had proceeded for some time at 11:45 a. m. defendant's counsel asked that a recess be taken to permit him to confer with defendant. The court refused. Under the circumstances detailed, the refusal was clearly within the discretion of the court.

The request was several times repeated and the court showed some irritation at counsel's persistence, but finally with somewhat impatient comment, the court took a recess until 2 p. m. We do not find in any of the remarks of the court any ground for new trial.

Judgment affirmed.