## STATE v. MAX EARL SHANNON.[1]

February 21, 1952.

No. 35,654.

*William H. Welch*, for appellant.

*J. A. A. Burnquist*, Attorney General, *Charles E. Houston*, Assistant Attorney General, *Michael J. Dillon*, County Attorney, and *Per M. Larson*, Assistant County Attorney, for the State.

MAGNEY, JUSTICE.

Defendant, Max Earl Shannon, was convicted of the crime of murder in the second degree. He appeals from the judgment.

Defendant bases his claim for a new trial on the ground that the court erred in refusing to allow defendant to exercise peremptory challenges against jurors after ten jurors had been passed for cause and had been duly sworn.

This appeal comes to us without a bill of exceptions or a settled case. The general rule is that no ruling or decision in the course of a trial can be reviewed on appeal in the absence of a settled case

[1]Reported in 51 N. W. (2d) 824.

or bill of exceptions. Only those facts shown by the case or bill of exceptions can be considered. There is no substitute for a settled case or bill of exceptions. A settled case or bill of exceptions, however, covers only the proceedings in court; matters not occurring in court may be shown by affidavit. We so held in State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155. The questioned ruling of the court relative to the exercise by defendant of peremptory challenges was made in the course of the trial and was therefore a part of the trial. In the Soltau case, we said that under the above rule assignments relating to improper questioning of prospective jurors during impaneling of the jury could not be considered, because the proceedings were part of the trial and were not included in the settled case.

On an appeal in a criminal case, this court cannot consider matters not set forth in a settled case or bill of exceptions. We so held in State v. Swan, 151 Minn. 215, 186 N. W. 581. The claimed error in that case involved prejudicial statements made by the court in the presence of the jury. In a criminal case, where there is no bill of exceptions contained in the record, no question will be considered by this court, except as to the sufficiency of the indictment to support the judgment. State v. Miller, 23 Minn. 352; State v. Wyman, 42 Minn. 182, 43 N. W. 1116.

For the reasons above set out, the question sought to be presented is not properly before us for consideration.

Judgment affirmed.