## STATE EX REL. MAX EARL SHANNON v. RALPH H. TAHASH.

121 N. W. (2d) 59.

March 1, 1963—No. 38,707.

 

*Max Earl Shannon,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

NELSON, JUSTICE.

Appeal from an order of the district court denying relator's petition for a writ of habeas corpus entered without a hearing upon grounds set forth in a memorandum accompanying but not made a part of the order.

In the memorandum the district court pointed out that the petition states conclusions which are unsupported by any statement of fact and that negligence or inability of counsel is not reviewable by habeas corpus, citing State ex rel. Sherin v. Goss, 73 Minn. 126, 75 N. W. 1132; State ex rel. Pontius v. Rigg, 251 Minn. 164, 86 N. W. (2d) 726; and Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627. As a further ground for its order, the trial court stated that the record of the proceedings in a criminal trial is not open to collateral attack in ha-

beas corpus proceedings and that the court cannot inquire into facts outside the record of conviction which are inconsistent with it, citing Riddle v. Dyche, 262 U. S. 333, 43 S. Ct. 555, 67 L. ed. 1009; and Shaw v. Utecht, *supra.*

An examination of the petition for the writ clearly indicates that it fails to comply with Minn. St. 589.04, which provides what the petition shall state in substance. The petition states that a grand jury of Hennepin County returned an indictment charging relator with committing the crime of murder in the second degree in connection with the death of one Sally Ann Barden Frederickson in Minneapolis on August 16, 1950. It also alleges that on August 24, 1950, the court appointed Lewis Lohmann, public defender, as relator's attorney; that on January 29, 1951, the court allowed Mr. Lohmann to withdraw and William H. Welch, Jr., an attorney from relator's hometown, Logan, Iowa, who was not admitted to practice in the State of Minnesota, to be substituted as relator's attorney without his knowledge or consent; that trial was then started without consultation between Mr. Welch and relator and in the absence of Mr. Lohmann; that Mr. Welch was not familiar with the laws of the State of Minnesota with respect to the selection of a jury in a criminal case and, as a result, allowed persons prejudicial to relator to become jurors—for example, a close friend and neighbor of the deceased's girl's uncle, who was a witness for the state; that thereafter a verdict of guilty was returned February 5, 1951; and that pursuant thereto relator was sentenced and committed to life imprisonment at Stillwater State Prison, where he has since been imprisoned. He claims his imprisonment is illegal because he was "denied his right to adequate and competent counsel and to due process" contrary to both the state and Federal constitutions.

Examination of the transcript of relator's trial shows that the state established that relator met decedent in the Top Hat, a tavern at Fort Dodge, Iowa, in January 1950, and thereafter kept company with her until shortly before August 16, 1950; that her mother, Mrs. Jean Barden, objected to their association; that relator told Mrs. Barden that if she didn't stay out of their affair that she would regret

it as long as she lived; and that on another occasion he said to Mrs. Barden "I will kill her [decedent] and I will kill you, * * *."

The state further established by proof which stands undisputed that about 3 p. m. August 16, 1950, relator came to the house where decedent, her mother, and grandmother lived and told her grandmother he wanted to see decedent; that subsequently, armed with two knives from the kitchen, he went upstairs where decedent had been asleep; that a short time later decedent and relator appeared on the rear porch on the second floor of the house and relator was seen stabbing her; that she was kicked or fell from the porch to the ground; and that relator then ran out of the house and again stabbed her several times, causing her death. Eyewitnesses testified to the stabbing.

Relator claims that his counsel was not familiar with Minnesota law and gave inadequate representation at the trial. The record shows that the county attorney wrote to relator's counsel on January 15, 1951, as follows:

"The above entitled criminal action will go on trial before the District Court of Hennepin County, Minnesota, on the 29th day of January, 1951, at 9:30 o'clock in the forenoon of said date. We have been informed by Mr. Lohmann, public defender, that you are to defend Mr. Shannon at said trial, that is represent him at said trial. Please be ready, as the date fixed for trial herein is definite and certain."

The record also indicates that at the opening of the trial Mr. Lohmann was present and made a motion to admit Mr. Welch to practice in this state for the purpose of representing defendant at the trial, which motion the court granted.

The record also discloses that relator's attorney took several exceptions to the court's instructions at the close of the trial and that after the verdict was returned he made and filed, before sentence, motions in arrest of judgment and for a new trial, which the court denied.

The court gave proper instructions with respect to relator's plea that he was not guilty because he was insane within the meaning of Minn. St. 610.10 at the time of the stabbing. The court explained the

requirements of § 610.10 and also stated that relator was required to establish the defense by a fair preponderance of the evidence and that if he failed to do so the jury had the right to disregard his plea of insanity.

While relator claimed impropriety in the selection of the jury, the record contains no intimation that the jury which tried defendant was not in all respects fair or that the voir dire examination, if pursued futher, would have elicited any facts that might have made a peremptory challenge of any prospective juror desirable. Furthermore, in view of the brutality of the crime and the conclusive character of the evidence, it is difficult to see how relator could have been acquitted by any fair-minded jury.

Relator earlier appealed to this court from the judgment of conviction, being then represented by his trial attorney. State v. Shannon, 236 Minn. 102, 51 N. W. (2d) 824. The appeal came to this court without a bill of exceptions or a settled case, and we affirmed, saying (236 Minn. 103, 51 N. W. [2d] 825):

"On an appeal in a criminal case, this court cannot consider matters not set forth in a settled case or bill of exceptions. * * * In a criminal case, where there is no bill of exceptions contained in the record, no question will be considered by this court, except as to the sufficiency of the indictment to support the judgment."

We have repeatedly held that habeas corpus may not be used as a substuitute for an appeal or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L ed. 1034; State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657.

In Shaw v. Utecht, *supra*, we held that the sufficiency of the allegations of an information cannot be challenged after judgment in habeas corpus proceedings and that alleged negligence of accused's counsel, properly appointed by the court to represent him, in allowing inadmissible evidence to be received at the trial is not a ground for habeas corpus, and that the reception of such evidence does not render

a judgment in a criminal case subject to collateral attack in a habeas corpus proceeding. If defendant is to avail himself of such error he must assert objections thereto at the trial and have them reviewed upon appeal or by writ of error, since habeas corpus cannot be invoked for use in correcting mere errors or irregularities of a trial court which are not jurisdictional.

In State ex rel. Pontius v. Rigg, *supra*, we held that where a petition for a writ of habeas corpus fails to state any facts upon which the petition could be granted, a motion to dismiss on appeal from an order of the district court denying such petition must be granted.

In Helms v. Humphrey (D. Minn.) 63 F. Supp. 4, it was held in an opinion by District Judge Dennis F. Donovan that it is not a ground for habeas corpus that counsel made a mistake or was negligent or gave bad advice to his client and that the petitioner was not thereby deprived of assistance of counsel as provided by the Sixth Amendment nor of the benefits of the due process clause. The court in the Helms case ordered the petition dismissed without a hearing. See, also, Diggs v. Welch, 80 App. D. C. 5, 148 F. (2d) 667.

We agree with the conclusion reached by the district court that relator's petition is sham and frivolous and shows on its face that it is without merit.

The order of the district court is accordingly affirmed.

Affirmed.