[No. 741.]

## EX PARTE WILLIAM McKAY DENY.

HABEAS CORPUS—WHAT PETITION FOR MUST STATE.—The provisions of the statute that if the imprisonment be alleged to be illegal, the petition must also state in what the alleged illegality consists (1 Comp. L. 350), contemplates that the facts showing wherein the alleged illegality consists should be stated.

STATEMENT, WHEN CONCLUSION OF LAW.—A general statement that the warrant is illegal, null and void, and that it was issued without authority of law, is a mere conclusion of law, not a statement of any fact.

PETITION MUST MAKE OUT PRIMA FACIE CASE.—Before a writ of *habeas corpus* is granted, sufficient probable cause must be shown to enable the court to form some judgment in the case, and if it appears from the petitioner's statement that there is no sufficient ground for his discharge the court should not issue the writ.

HABEAS CORPUS—WHEN NOT MADE RETURNABLE BEFORE SUPREME COURT.—Where it is sought to bring petitioner from a distant county, a writ of *habeas corpus* will not be made returnable before this court in the first instance, without a showing of the absence, disability or refusal of the district judge of the county to act, or other good cause why it should be heard by the Supreme Court, or a justice thereof.

THIS COURT WILL NOT ANTICIPATE ARREST OF PETITIONER. — Petitioner cannot be in the custody of two different officers at the same time; and where petitioner alleges that he is in the custody of the sheriff but suggests to the court that the sheriff will deliver him to another officer upon receipt of the governor's requisition, this court will not anticipate such arrest in order to determine the validity of the governor's warrant.

APPLICATION for a writ of *habeas corpus* before the Supreme Court.

The facts are stated in the opinion.

*W. S. Bonnifield*, for Petitioner.

By the Court, HAWLEY, C. J.:

Petitioner represents that he is illegally restrained of his liberty by the sheriff of Humboldt County; that the imprisonment is illegal in this, that said sheriff pretends to hold petitioner upon a pretended warrant of arrest issued by a justice of the peace of said Humboldt County; that said warrant is illegal, null and void, and that the said justice issued the same without authority of law.

The provision of our statute that "if the imprisonment be alleged to be illegal, the petition must also state in what the alleged illegality consist" (1 Comp. L. 350), contemplates that the facts, showing wherein the alleged illegality consists, should be stated. Petitioner does not state the offense for which he was arrested. No copy of the warrant is contained in the petition, and no facts are presented that enable us to determine whether the warrant is illegal or not. The general statement that the warrant of the justice is illegal, null and void, and that it was issued without authority of law, is a mere conclusion of law, not a statement of any fact.

The petition should state facts sufficient to make out a *prima facie* case. The authorities are numerous and uniform that before a writ of *habeas corpus* is granted, sufficient probable cause must be shown to enable the court to form some judgment in the case, and if it appears from the petitioner's statement that there is no sufficient ground for his discharge the court should not issue the writ. (*Jordan* v.

*State*, 14 Tex. 442; *In the Matter of Keeler*, Hemp. 311; *In re Griner*, 16 Wisc. 430; *Ex parte Milligan*, 4 Wall. 110; *Sim's Case*, 7 Cush. 291; *Williamson's Case*, 26 Penn. St. 15; Hurd on Habeas Corpus, 223–4.) This rule should, in our judgment, be strictly enforced in all cases where, as in the application under consideration, it is sought to bring petitioner from a distant county. (*Ex parte Nye*, 8 Kansas, 99.) It is questionable whether, in such cases, even if a proper showing was otherwise made, we should make the writ returnable before us in the first instance; certainly not without a showing of the absence, disability or refusal of the district judge of the county to act, or other good cause why it should be heard by the Supreme Court, or a justice thereof. (*Ex parte Ellis*, 11 Cal. 223.)

Petitioner also represents that one Carrigan claims to hold him on a pretended warrant issued by the governor of this State upon a requisition from the governor of the State of Nebraska, and avers, in general terms, "that he is not guilty of any offense in any State or Territory in this Union; that he has not been charged of any offense in any State or Territory, and especially in the State of Nebraska."

This part of the petition is as defective, in its failure to state the facts, as the former. It is also insufficient upon another ground. It is apparent that petitioner could not be in the custody of both parties at the same time. Upon this suggestion, counsel for petitioner stated that petitioner was in the custody of the sheriff; but he expected the sheriff would deliver him to said Carrigan upon the presentation of the governor's warrant. The writ should be refused upon this statement, because petitioner was not, at the time of presenting his application, in the custody of, or restrained of his liberty by said Carrigan. We cannot anticipate his arrest.

The writ is denied.

Earll, J., did not participate in the foregoing decision.