STATE ex rel. JAMES SHERIN v. M. N. GOSS.

June 29, 1898.

Nos. 11,238—(260).

**Habeas Corpus—Petition Insufficient.**

Petition *held* insufficient to entitle the petitioner to a writ of habeas corpus.

**Same—What Petition Should Allege—Illegality of Imprisonment.**

The petition should state in what the illegality of the imprisonment consists, and this should be done by stating facts as distinguished from mere conclusions of law.

**Same—When Warrant Should Be Annexed—G. S. 1894, § 5998.**

If the confinement is by virtue of any warrant, a copy thereof should be annexed to the petition, or a reason averred for not doing so. G. S. 1894, § 5998.

A writ of habeas corpus was issued out of the district court for Ramsey county, on the petition of James Sherin, directing M. N. Goss, chief of police of the city of St. Paul, to produce the body of said petitioner before the court, together with the time and cause for the imprisonment of said petitioner. At the hearing before O. B. Lewis, J., the petition was quashed and the writ discharged. From this decision relator appealed. Affirmed.

*James J. McCafferty*, for appellant.

*S. A. Anderson* and *F. W. Zollman*, for respondent.

MITCHELL, J.

Appeal from an order of the district court quashing relator's petition for a writ of habeas corpus, discharging the writ issued thereon, and remanding him to the custody of the respondent.

The only allegations of the petition as to the cause or pretense of the petitioner's confinement or restraint, or as to the illegality of his imprisonment, are as follows:

"The cause or pretense of such confinement or restraint, according to the knowledge and belief of the petitioner, is that your petitioner is held by virtue of a certain warrant issued by the governor of this state, but that said warrant was improperly and illegally issued, and without process of law, and for the purpose of extraditing said James Sherin."

No copy of this warrant is annexed to the petition; neither is it alleged that for any reason a demand for a copy could not be made, or that a demand was made and such copy refused.

This petition was on its face wholly insufficient, and the court below properly dismissed it, and remanded the petitioner to the custody of the respondent. G. S. 1894, § 5998, which in the main is but declaratory of what the law always was, provides specifically what the petition shall contain, and a comparison of this petition with the provisions of the statute is all that is necessary to demonstrate its utter insufficiency.

Habeas corpus, being a writ of right, may not be refused to any one who shows a prima facie case entitling him to be discharged; but it does not follow that a person is entitled to the writ merely by asking for it, without making any showing that he is unlawfully deprived of his liberty. If, on his own showing, he is lawfully imprisoned, the writ would, of course, be denied. Ex parte Milligan, 4 Wall. 2; Williamson's Case, 26 Pa. St. 1.

On the same principle, the writ should be denied where he makes no affirmative showing that he is entitled to his discharge. The petition should be construed somewhat liberally, in favor of the liberty of the citizen, but it should place before the court or judge facts enough to permit an intelligent judgment to be formed of the case. The petition should show in what the illegality consists, and this should be done by stating facts, as contradistinguished from

mere conclusions of law. Church, Hab. Corp. § 91; Hoskins v. Baxter, 64 Minn. 226, 66 N. W. 969; Ex parte Walpole, 84. Cal. 584, 24 Pac. 308; Ex parte Nye, 8 Kan. 99; State v. Ensign, 13 Neb. 250, 13 N. W. 216; Ex parte Deny, 10 Nev. 212.

The petition in this case does not state a single fact tending to show that the petitioner's restraint or imprisonment is illegal. All that it states on the subject is a bald conclusion of law.

The petition is also defective in not containing a copy of the warrant under which the petitioner is held in custody, or stating any reason or excuse for not attaching such copy.

Order affirmed.