GOLDIE DIXON v. EDWIN T. SWENSON.[1]

February 26, 1954.

No. 36,305.

*Goldie Dixon, pro se.*

*J. A. A. Burnquist,* Attorney General, *Lowell J. Grady,* Assistant Attorney General, for respondent.

NELSON, JUSTICE.

Relator appeals from an order of the district court of Washington county, Minnesota, denying his petition for a writ of habeas corpus.

_____
[1]Reported in 62 N. W. (2d) 926.

Respondent moves to dismiss the appeal upon the following grounds:

(1) The petition fails to comply with M. S. A. 589.04(4), which requires annexation to the application of a copy of "any warrant, order, or process" by virtue of which the relator is confined or restrained.

(2) The facts alleged in relator's petition and the grounds upon which he apparently relies for writ of habeas corpus are insufficient to justify the issuance of the writ.

(3) The relator's petition is sham and frivolous and shows on its face that it has no merit.

Relator's petition refers to exhibit A made a part of his record which is an information dated January 15, 1951, presumably filed in the district court of Ramsey county, Minnesota, by the county attorney of that county in criminal proceedings then pending in that court. In the information the state of Minnesota was plaintiff and relator was defendant, and the defendant was charged as follows:

(1) That on January 12, 1951, relator was found guilty in the district court of Ramsey county of the crime of manslaughter in the first degree;

(2) That on November 7, 1917, in the same court, relator was convicted of the crime of assault in the second degree, for which he was sentenced to serve a term of imprisonment in the state reformatory; and

(3) That the last mentioned sentence had not at the time of the filing of the information ever "been vacated, annulled or set aside by any court of competent jurisdiction."

The relator claims that his present confinement is illegal and does so upon the assertion that, prior to the time that the information mentioned was filed, relator paid his debt to society for his conviction of November 7, 1917, and that the district court of Ramsey county was constitutionally without authority to impose upon relator for his conviction of January 12, 1951, a sentence under the Habitual Offender Act.

The information recites that it is filed pursuant to M. S. A. 1945, § 610.31. This statutory section is a part of L. 1927, c. 236, now coded as §§ 610.28 to 610.32 which is commonly referred to as the "Habitual Offender Act."

From the relator's petition as presented to this court it is clear that the requirements of § 589.04, and particularly (4) thereof, have not been sufficiently complied with in meeting the requirements of a copy of the warrant, order, or process by virtue of which the relator is confined or restrained to be annexed to his petition. As the petition stands it is wholly insufficient and would not justify the issuance of a writ. See, State ex rel. Sherin v. Goss, 73 Minn. 126, 75 N. W. 1132; State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813.

The relator fails to allege any facts in his petition. Upon examination the petition discloses mere conclusions of law as to the alleged illegality of his imprisonment. Neither is there any affirmative showing that the relator is entitled to his discharge. For those reasons, the petition for the writ should be denied. See, State ex rel. Sherin v. Goss, *supra.*

Since the petition raised the question of the constitutionality of §§ 610.28 to 610.32, the question arises whether or not such claim has any merit. The constitutionality of the statutes here involved has long been settled. See, State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A.(N.S.) 449; State v. Zywicki, 175 Minn. 508, 221 N. W. 900; State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239; Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

It is clear that the relator's petition is sham and frivolous and shows on its face that it has no merit and this contention requires no further statement. See, State ex rel. Perkins v. Utecht, 232 Minn. 116, 44 N. W. (2d) 113.

The motion to dismiss the appeal is therefore granted.

Appeal dismissed.