STATE EX REL. KENNETH MELVIN VEBLEN v.
EDWIN T. SWENSON.[1]

August 6, 1954.

No. 36,441.

*Kenneth Melvin Veblen, pro se.*
*J. A. A. Burnquist,* Attorney General, and *Charles E. Houston,* Assistant
Attorney General, for respondent.

PER CURIAM.

Petitioner appeals from an order of the Washington county district court
denying his petition for a writ of habeas corpus. He also applies for an
original writ of habeas corpus in this court. Respondent moves to dismiss
the appeal and the petition.

The petition alleges that petitioner was charged by information with the
crime of forgery in the second degree, that he was represented by counsel,
that he entered a plea of guilty to the above charge in open court, that a
subsequent information charging him with four prior convictions was filed,
that he admitted the truth of three of the four prior convictions charged in
open court, and that the court then imposed sentence in accordance with
M. S. A. 610.29 and committed him to the state prison where he is now
confined.

Petitioner's principal contention is that § 610.29, commonly referred to as
the habitual criminal act, is unconstitutional for numerous reasons. There
is no merit whatsoever to this contention. See cases collected in 5 Dunnell,
Dig. (3 ed.) § 2503c.

Petitioner does not deny his guilt of the three prior felony convictions.
He states "As for the prior convictions admitted to in court, at the time of
my hearing and sentencing, I admitted them because I did not want to per-
jure myself." Although petitioner concedes that he was represented by

[1]Reported in 65 N. W. (2d) 619.

counsel, he contends that the trial court deviated from the statute, § 610.31,[2] in not cautioning him of his right to trial by jury with respect to the truth of the information charging him with the prior felony convictions and that he was unaware of said right when he admitted three of the four prior convictions. He asserts that this was a violation of his constitutional rights as well as a violation of his statutory rights. We need not consider whether there is any merit in these contentions because, even if we assume that an accused has a constitutional right to be informed of his right to a jury trial prior to arraignment, the failure of the trial court so to inform the accused would not be a violation of the due process clause where, as here, the accused was represented by competent counsel. See, State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034. Since it is a basic principle that habeas corpus lies to correct jurisdictional defects only and that it is not a substitute for appeal

[2]Section 610.31 provides:

"If at any time before sentence, or at any time after sentence but before such sentence is fully executed, it shall appear that a person convicted of a felony, or an attempt to commit a felony, has been previously convicted of any crime so as to render him liable to increased punishment by reason thereof under any law of this state, it shall be the duty of the county attorney of the county in which such conviction was had to file an information with the court wherein the conviction was had accusing such person of such previous convictions, whereupon the court shall cause such person, * * * to be brought before it, * * * and shall inform him of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not. If he shall say that he has not been convicted as therein charged or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record, and the court shall make an order directing that the truth of the accusations made in the information be submitted to a jury at the then present term of court, if in term time and a jury be in attendance, or at the next ensuing term of court when a jury shall be in attendance. If the jury shall find and determine that the accused is guilty of previous convictions as charged in the information, or if the accused acknowledges or confesses in open court, *after being duly cautioned as to his rights*, that he has been so convicted, the court shall sentence him to the increased punishment or penalty of imprisonment to which he is liable, as provided by law, * * *." (Italics supplied.)

(8 Dunnell, Dig. [3 ed.] § 4129), petitioner has failed to present a case which would entitle him to the issuance of a writ of habeas corpus.

It follows that respondent's motion to dismiss the appeal and the petition should be granted.

Appeal dismissed. Petition dismissed.