## STATE EX REL. DONALD PONTIUS v. DOUGLAS C. RIGG.

86 N. W. (2d) 726.

December 6, 1957—No. 37,402.

*Donald Pontius,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of Washington County denying a petition for a writ of habeas corpus. Respondent moves to dismiss the appeal for the reason that the petition fails to state any ground upon which it could be granted.

The petition states as grounds for the writ the following:

"(1) I have been denied by [sic] constitutional rights, Article 1, section 7, of Minnesota constitution, 7th amendment of the United States Constitution.

"(2) I was falsely charged with first degree grand larceny, and four prior convictions, I was fraudgently [sic] sentenced under M. S. A. 610.29.

"(3) I have already served more than the maximum of the original charge, had I been legally guilty and sentenced for such a crime."

Relator wholly fails to state any facts upon which the writ could be issued. The grounds stated are purely conclusions without the allega-

tion of any factual basis. Furthermore, no attempt has been made to comply with M. S. A. 589.04(5). While the brief filed by relator contains some statements pertaining to the validity of the judgment under which relator was committed, the brief cannot take the place of the petition, even if it could be said that there are statements of fact in the brief which could apply to a proceeding in habeas corpus. The arguments in the brief are directed toward matters which should have been raised on a review of the conviction, not in a habeas corpus proceeding. As we said in State ex rel. Sherin v. Goss, 73 Minn. 126, 127, 75 N. W. 1132:

"Habeas corpus, being a writ of right, may not be refused to any one who shows a prima facie case entitling him to be discharged; but it does not follow that a person is entitled to the writ merely by asking for it, without making any showing that he is unlawfully deprived of his liberty. If, on his own showing, he is lawfully imprisoned, the writ would, of course, be denied. Ex parte Milligan, 4 Wall. 2; Williamson's Case, 26 Pa. St. 1.

"On the same principle, the writ should be denied where he makes no affirmative showing that he is entitled to his discharge. The petition should be construed somewhat liberally, in favor of the liberty of the citizen, but it should place before the court or judge facts enough to permit an intelligent judgment to be formed of the case. The petition should show in what the illegality consists, and this should be done by stating facts, as contradistinguished from mere conclusions of law."

The petition clearly is insufficient to present anything for our consideration. The appeal must be and is dismissed.