## STATE v. PERRY JAMES RUFFIN.

92 N. W. (2d) 676.

October 24, 1958—No. 37,455.

*Perry James Ruffin,* pro se, for relator.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Henry Feikema* and *Per M. Larson,* Assistant County Attorneys, for respondent.

KNUTSON, JUSTICE.

Defendant was convicted, after a jury trial, of having committed the crime of carnal knowledge of a 16-year-old girl whom we shall refer to herein as the complaining witness. The case is here for review on a writ of error.

The facts essential for a disposition of this review may be briefly stated. On the early morning of November 11, 1956, complaining witness was on her way to St. Mary's Hospital in Minneapolis where she worked. She left her home in north Minneapolis, where she lived with her parents, at 5:25 a. m., and took a bus to within four blocks of the hospital where she worked. After she walked a short distance, a light blue 1949 or 1950 automobile drove toward her and stopped in the middle of the block. A man got out of his car, walked around the front of it, and came toward her, inquiring of her the way to St. Paul. She told him as best she could and walked on. He started walking beside her and, after they had gone a short distance, grabbed her around the neck, forced her into his car, and assaulted her. Upon release, she ran to the hospital and immediately reported to her coemployees and superiors what had happened. The occurrence was then reported to the police. Complaining witness testified that, later in the month of November, she saw the man who had assaulted her in an automobile and that she took down the license number of the car. Her two sisters were then with her, and she told them that that was the man who had committed the assault. She did not report to the police having again seen this man until the following April, when the police made some inquiry of her regarding the matter. She then gave the police the license number of the car, and defendant was apprehended. In a lineup at the police station where he appeared with several other men somewhat similar in appearance, he was positively identified by complaining witness. She also picked out a key case from among several others exhibited to her as the one she had seen in the automobile of defendant at the time the assault was committed. It was the key case which had been taken from him when he was apprehended.

Defendant was represented throughout the trial by the public defender. He does not now claim that he was not properly represented. He contends only that the evidence as to identification is insufficient

to sustain the conviction.

We have no settled case or bill of exceptions. No question as to the sufficiency of the evidence can be raised without a settled case or bill of exceptions.[1] The defendant was furnished with a complete transcript of the trial, which we now have before us. He appears here in his own behalf. We assume that his failure to have the case settled is due to his lack of knowledge of court procedure. We have accordingly carefully examined the transcript and the entire record and are convinced that if the transcript had been presented as a settled case we would be compelled to hold that the evidence amply supports the verdict of the jury. Defendant was positively identified by the complaining witness. There is other corroborating evidence. It would serve no useful purpose to relate in more detail the evidence which connected defendant with the accomplishment of this crime. In view of these facts, the judgment is affirmed.

Affirmed.

---

[1]See, 1 Dunnell, Dig. (3 ed.) § 344.