STATE EX REL. NORMAN DAVID ADAMS v. CARL J. JACKSON.

94 N. W. (2d) 285.

January 9, 1959—No. 37,586.

*Norman David Adams,* pro se, for relator.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent Superintendent of Minnesota State Reformatory.

NELSON, JUSTICE.

Relator, Norman David Adams, was charged with having committed the offense of forgery in the second degree. The matter was tried before a jury, which returned a verdict of guilty as charged in the information. Thereafter sentence was pronounced as prescribed by law for the offense charged.

It is to be noted that relator represented himself at the trial and that the record contains no statement or allegation on his part that he was deprived of due process of law because of having had inadequate representation. We are therefore justified in concluding that in representing himself he did so by choice and under his own free will and volition. He continues to appear on his own behalf in this proceeding for habeas corpus.

We may infer, although relator does not so state directly, that he is serving his sentence in the State Reformatory for Men at St. Cloud, Minnesota, and that the respondent named herein is the superintendent of that institution.

The question arises as to whether relator has complied with the requirements of M. S. A. 589.04, which provides what a petition for a writ of habeas corpus shall state. Section 589.04 reads as follows:

"The petition shall state, in substance:

"(1) That the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty, the officer or person by whom he is so imprisoned or restrained, and the place where; naming both parties if their names are known, or describing them if they are not;

"(2) That such person is not committed or detained by virtue of any process, judgment, decree, or execution, as hereinbefore specified;

"(3) The cause or pretense of such confinement or restraint, according to the knowledge or belief of the party verifying the petition;

"(4) If the confinement or restraint be by virtue of any warrant, order, or process, a copy thereof shall be annexed, or it shall be averred that, by reason of such prisoner being removed or concealed before application, a demand of such copy could not be made, or that such demand was made, and the legal fees therefor tendered to the officer or person having such prisoner in his custody, and that such copy was

refused;

"(5) If the imprisonment is alleged to be illegal, the petition shall state in what the illegality consists."

Relator in his petition states that after his trial and conviction before a jury he was remanded to the county jail of Hennepin County for presentence investigation and was later sentenced to the State Reformatory for an indeterminate period of time. The petition, however, entirely fails to comply in any respect with either or any of the subsections of § 589.04. Not a single requisite has been met in any of the statements contained in relator's petition in his effort to show probable cause and establish the sufficiency thereof. It would therefore serve no useful purpose to recite what has been stated therein. See, Hoskins v. Baxter, 64 Minn. 226, 66 N. W. 969.

While it is the rule that a petition for habeas corpus must be liberally construed in favor of the liberty of the citizen, the relator's statements in the instant case do not in any manner lend themselves to being interpreted as fulfilling the requisites in order to establish the sufficiency of the petition.

The trial court below denied relator's petition for a writ of habeas corpus on the following findings: (1) The petition fails to comply with § 589.04, which requires annexation to the application of a copy of any warrant, order, or process, by virtue of which the relator is confined or restrained; (2) the facts alleged in the petition and the grounds upon which relator apparently relies for writ of habeas corpus are not sufficient to justify the issuance of the writ; (3) relator's petition is sham and frivolous and shows on its face that it has no merit.

We have carefully examined the record submitted—the clerk's file from the Hennepin County District Court, which consists of no more than the original information, jury list, and judgment issued. We have not been furnished a transcript in any form nor a copy of the commitment papers, nor have any copies been annexed to the petition such as required by § 589.04(4). The record does not indicate the service of any of the aforesaid documents upon the office of the attorney general. The record further indicates that the attorney general has only received and had served upon him by mail the notice of appeal to the supreme

court.

■    The question now before the court is whether a writ of habeas corpus should issue. The petition must be tested by the statutory requirements specified in § 589.04. The failure of the petitioner to allege the nature of the claimed illegality of his imprisonment and to meet a single requisite of the statutory requirements presents a situation where · his petition must be found to be entirely inadequate and therefore fails to invoke any duty upon the court, except to deny it. The relator appears by his petition to claim error in his trial but alleges nothing in that petition which goes to the jurisdiction of the trial court.

It is well established that a person committed or detained by virtue of the final judgment of a competent tribunal cannot be released on habeas corpus. State v. Rudin, 153 Minn. 159, 189 N. W. 710; 8 Dunnell, Dig. (3 ed.) § 4132. A proceeding by writ of habeas corpus is a collateral attack on a criminal judgment and therefore may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack on a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. State ex rel. Baker v. Utecht, 218 Minn. 553, 16 N. W. (2d) 750; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229. Also, see Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627, which is authority for the proposition that error is not reviewed in habeas corpus, and Dixon v. Swenson, 241 Minn. 332, 62 N. W. (2d) 926, which deals with the sufficiency of relator's petition in a habeas corpus proceeding and wherein it is stated, upon facts similar to those in the instant case, that if the relator fails in his petition to comply with § 589.04, and where such petition for a writ of habeas corpus is sham and frivolous and shows on its face that it is without merit, a motion to dismiss the appeal from an order denying the writ will be granted.

We are forced to conclude that the petition is wholly inadequate and without merit, that it is sham and frivolous, and that the court below correctly denied the writ upon the grounds stated in its order. See, State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198; State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657;

168

State ex rel. Perkins v. Utecht, 232 Minn. 116, 44 N. W. (2d) 113; 8 Dunnell, Dig. (3 ed.) § 4129.

Affirmed.