STATE EX REL. LESTER SANFORD v. DOUGLAS C. RIGG.

96 N. W. (2d) 26.

April 10, 1959—No. 37,656.

*Lester Sanford,* pro se, for appellant.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *Albert H. Newman,* Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order of the District Court of Washington County discharging a writ of habeas corpus. Respondent moves to dismiss the appeal on the ground that (1) the petition upon its face furnishes no valid basis for a writ; and (2) the record shows a valid conviction of a felony and resulting imprisonment for a term not expired.

The petition for the writ sets forth that relator is unlawfully imprisoned by respondent in that in September 1950 he was convicted and sentenced for the crime of carnal knowledge without access to legal counsel or being advised as to his rights relative thereto; and on the further ground that undue pressure was brought to bear upon him to induce him to plead guilty to such charge.

At the hearing on the petition relator was present in person. In evidence was a transcript of the minutes of relator's conviction and sentence in the original proceedings in the District Court of Koochiching County, together with the information charging relator with the crime, an application to plead guilty thereto signed by relator, and a warrant

of commitment. Respondent's return herein set forth in detail the original proceedings. Attached thereto were certified copies of the documents described. Relator made no traverse to this return. No evidence was otherwise submitted in the present proceedings.

At the close of the hearing, the trial court made findings and conclusions and ordered judgment that relator is in the lawful custody of respondent by virtue of the final judgment of a competent court of criminal jurisdiction, and is not entitled to release or discharge therefrom. The petition for the writ of habeas corpus was dismissed, and relator was remanded to respondent's custody. In a memorandum attached to the order, the trial court stated:

"In substance, it appears to be the claim of the relator * * * that he was wrongfully pressured by certain public officials into pleading guilty to the crime of carnal knowledge and that he did not intelligently and understandably waive the appointment of counsel to represent him. He claims that his sentence and judgment of conviction is void for want of due process.

*     *     *     *     *

"One of the claims of the relator, both in his verified filed petition and in his testimony under oath, was that he had never signed and never saw the application to plead guilty. Relator persisted in this claim, notwithstanding the record of the proceedings before Judge Hadler in which he admitted that he had signed the application, and notwithstanding the testimony of the county attorney and sheriff that he signed the application in their presence. This court has examined the official file of the Clerk of the District Court and finds therein an application to plead guilty which was duly filed, and the signature on which is unquestionably relator's signature and is identical with his signature which appears in two places on relator's petition in this proceeding. We have necessarily concluded that relator in this particular has either committed deliberate perjury or has had a convenient lapse of memory."

In the transcript of the minutes of conviction, the following appears:

"Court: Lester Sanford, will you step forward. Your name is Lester Sanford?
"Defendant: Yes, sir.

"Court: I have before me an application which purports to be signed by you asking that you appear before the Court to enter your plea to the complaint filed against you. Is that application signed by you?

"Defendant: Yes, sir.

"Court: And, is it your desire to appear before the Court to enter your plea to the charge which is filed against you?

"Defendant: Yes.

"Court: I notice you have no lawyer. Have you consulted a lawyer in this matter?

"Defendant: Well, to start with when I was first picked up. I haven't seen him since.

"Court: Do you wish to have a lawyer represent you?

"Defendant: No.

"Court: Have you any money with which to hire a lawyer?

"Defendant: No.

"Court: It is my duty to inform you that if you want to have a lawyer represent you and since you have no funds with which to hire a lawyer, the Court would appoint one for you at the county's expense. Having been so informed, do you want the Court to appoint a lawyer for you or do you want to give up your right to be represented by a lawyer?

"Defendant: I might as well give it up. I am guilty.

"Court: You wish to waive your right to be represented by a lawyer?

"Defendant: Yes, sir.

"Court: The County Attorney will read the information to you and you will listen to the reading of the information."

Following the foregoing, the transcript indicates that the information charging relator with the crime of carnal knowledge was read to relator and he duly entered a plea of guilty thereto. The court thereupon examined him as to his background and previous record and then stated:

"Court: Anything you wish to say before sentence is imposed?

"Defendant: No, sir.

"Court: The maximum punishment for this offense, carnal knowledge of a female child under the age of fourteen years, as provided by the Legislature of this State is not less than seven nor more than thirty years. The law does not permit me to fix any exact period of your confinement.

Any sentence I impose must be an indeterminate sentence. The exact period of your confinement when you reach the institution to which you will be sent will depend to a great extent upon your personal conduct and obedience to the rules of the institution."

Following this statement, the court sentenced relator in accordance with the statutes applicable.

The evidence submitted at the district court hearing in the present proceedings upon which the court based its findings and order for judgment clearly establishes the correctness of the trial court's present disposition of this matter. It is clear therefrom that relator is not unlawfully imprisoned but is held pursuant to a valid judgment of a court of competent criminal jurisdiction to which relator had submitted at the time of his conviction. As was stated in State ex rel. Sherin v. Goss, 73 Minn. 126, 127, 75 N. W. 1132:

"* * * If, on his own showing, he is lawfully imprisoned, the writ would, of course, be denied."

See, also, State ex rel. Pontius v. Rigg, 251 Minn. 164, 86 N. W. (2d) 726; Dixon v. Swenson, 241 Minn. 332, 62 N. W. (2d) 926.

Here the record indicates on its face that the petition for writ of habeas corpus is without merit. It follows that respondent's motion to dismiss must be granted.

Appeal dismissed.