# STATE v. MARTIN LEO BENJAMIN.

99 N. W. (2d) 786.

November 27, 1959—No. 37,671.

*Martin Leo Benjamin,* pro se, for relator.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

KNUTSON, JUSTICE.

Defendant was convicted by a jury of driving an automobile without the permission of the owner. Thereafter he entered a plea of guilty to one prior felony conviction. He was sentenced to imprisonment in the state penitentiary for a term not to exceed 10 years. The case is here on a writ of error issued by this court.

Defendant was represented throughout the trial by counsel appointed by the court. He makes no complaint about the adequacy of such representation. He has been furnished a complete transcript of the trial at county expense, with the exception of the court's instruction to the jury. No exceptions were taken to the court's instructions, nor does defendant now point to any error therein.

We have no settled case or bill of exceptions. While no question can be raised as to the sufficiency of the evidence to sustain the conviction in the absence of a settled case or bill of exceptions, we do have before us a complete transcript of the testimony, and, in view of the fact that defendant appears here without counsel, we have carefully examined the transcript and the entire files and records in the case to ascertain if there is any ground for reversal in the event a settled case or bill of exceptions were to be obtained.[1]

The transcript discloses that defendant was apprehended by a state highway patrolman and a village policeman while driving a pickup truck which he did not own and which he had no permission to drive. They were following a truck and, because of some suspicions aroused by the nature of the operation thereof, attempted to stop the truck; they saw defendant jump therefrom and immediately gave chase. They testified that he was caught while running away from the truck. While defendant disputes this testimony and claims that he was apprehended by the officers while sleeping in the grass near the road, the credibility of the witnesses clearly was for the jury. All the errors now claimed by defendant involve the credibility of the witnesses. We find no merit whatsoever in these claims.

Defendant also claims that the court committed error in failing to advise him of his rights when he was charged by information with the commission of a prior felony. We have heretofore discussed this matter in State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277, where we held that when a defendant is represented by counsel it must be assumed that counsel has advised him of his rights under M. S. A. 610.31. We so hold here. However, we see no excuse for failure on

---

[1]See, State v. Ruffin, 253 Minn. 445, 92 N. W. (2d) 676.

the part of trial courts to advise defendants of their rights under this statute. Section 610.31, in clear language, provides that, when a defendant is charged by an information of previous convictions—

"* * * the court shall cause such person, whether confined in prison or otherwise, to be brought before it, either in term or in vacation, and *shall inform him* of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not." (Italics supplied.)

In State v. Zywicki, 175 Minn. 508, 510, 221 N. W. 900, 901, we said:

"* * * He [the defendant] must be informed of his right to a trial as to the truth of the charge. He is required to be cautioned as to his rights."

It should not be necessary for this court to repeatedly pass upon the question whether the defendant's rights have been prejudiced by failure to inform him of his rights as the statute clearly requires the court to do. It should be a simple matter to follow this statute.

After an examination of the entire record, we are convinced that the evidence as shown by the transcript, if presented as a settled case, would amply sustain the conviction. We find no prejudicial errors which would require a reversal.

Affirmed.