## STATE EX REL. STANLEY L. MUNNELL v. DOUGLAS C. RIGG.

110 N. W. (2d) 294.

. July 28, 1961—No. 38,289.

*Stanley L. Munnell,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from an order of the district court denying relator's petition for a writ of habeas corpus based on the claim that he is unlawfully imprisoned in the Minnesota State Prison under an invalid judgment of conviction in that in his trial he was not adequately represented by counsel; he was coerced into entering a plea of guilty; and he did not enter a plea of guilty to a prior conviction which resulted in an increased sentence.

The respondent, warden of the Minnesota State Prison, in his return sets forth in detail the proceedings relative to relator's conviction and imprisonment. Attached to such return are verified copies of the information charging relator with the crime of using an automobile without the owner's permission and the minutes of the clerk of the district court on relator's arraignment upon such information, wherein he was represented by counsel, including his plea of not guilty, his with-

drawal of such plea and his substitution of a plea of guilty, his arraignment on an information charging him with prior felony conviction, and his plea of guilty thereto.

Also attached to this return is a transcript of relator's examination by the district court before sentence; a report of the district court probation officer; the adjudication of his guilt as to both felonies; the sentence imposed upon him; and certified copies of relator's commitment by the district court to the Minnesota State Reformatory and of his transfer to the State Prison. A verified statement of respondent to the effect that he is presently confined therein is likewise contained in the return.

Relator made and filed an unverified traverse to respondent's return. Nowhere therein did he deny the allegations of the return nor present evidence to indicate facts which were inconsistent therewith. His conclusions therein constitute merely a reassertion of certain conclusions of law set forth in the petition entirely unsupported by evidence.

The record of the district court proceedings indicates that relator was sentenced on November 19, 1956. At the time of his arrest he was asleep in an automobile which a friend of his had stolen and permitted him to use. He admitted he knew that it was stolen and that he had been driving it without the owner's consent. Prior thereto he had been involved in a number of other crimes, including attempted robbery, car theft, and burglary. He had been sentenced to a reformatory in the State of Washington and paroled therefrom in October 1955, and the terms of his probation were violated by his conviction in the present case.

The only question before this court is whether the relator's petition; respondent's return, with certified copies of certain documents attached thereto; and relator's traverse to the return show justification for respondent's custody of relator. The failure of relator to traverse any of the allegations of respondent's return or to present any evidence to indicate the unlawfulness of his confinement constitutes the admission of the truth of the return and the legality of relator's custody. The record as such must form the basis of the decision of this court, and it compels the conclusion that the district court did not err in holding that

relator was not unlawfully imprisoned but was held pursuant to a valid judgment of the district court and a lawful commitment thereunder. Minn. St. 589.15; State ex rel. Sanford v. Rigg, 255 Minn. 197, 96 N. W. (2d) 26. The trial court in which defendant was tried, adjudged guilty, and sentenced had jurisdiction both of his person and the subject matter involved. His plea of guilty was made at a time when he was represented by counsel and had been fully advised as to his rights. Other contentions set forth in the petition upon which he asserts the invalidity of his imprisonment relate to matters which are subject to review on appeal and not properly before us in habeas corpus proceedings. Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; Kubus v. Swenson, 242 Minn. 425, 65 N. W. (2d) 177, certiorari denied, 348 U. S. 877, 75 S. Ct. 114, 99 L. ed. 690; State ex rel. Dressler v. Rigg, 252 Minn. 239, 89 N. W. (2d) 699; State ex rel. Naus v. Rigg, 250 Minn. 365, 84 N. W. (2d) 698, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114; State ex rel. Richter v. Swenson, 243 Minn. 42, 66 N. W. (2d) 17, certiorari denied, 348 U. S. 893, 75 S. Ct. 225, 99 L. ed. 702; State ex rel. Veblen v. Swenson, 243 Minn. 578, 65 N. W. (2d) 619.

Relator's imprisonment for the crimes above described commenced November 19, 1956. Whether this long confinement, under the circumstances described, is unusually harsh would not go to the legality of relator's imprisonment but might properly be considered by the board of parole.

Affirmed.