STATE EX REL. WARREN HENRY ALM v. RALPH H. TAHASH.

111 N. W. (2d) 458.

November 3, 1961—No. 38,298.

---

*Warren Henry Alm,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of State Prison.

OTIS, JUSTICE.

The relator, Warren Henry Alm, appeals from orders dated October 21, 1960, and November 3, 1960, entered by the District Court of Washington County, denying relator's petitions for writs of habeas corpus, under which he seeks release from a commitment to the State Prison pursuant to a judgment entered October 10, 1957, convicting him of the crime of escape from a penal institution in violation of Minn. St. 613.29. In a companion case filed contemporaneously with this case, State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517, the relator appeals from an order of the District Court of Kandiyohi County, dated October 4, 1960, denying his motion to vacate a judgment convicting him of grand larceny in the first degree, entered April 30, 1948. Although the term of relator's sentence for grand larceny has expired, he attacks the validity of that conviction for the apparent reason that the conviction for escape arose out of the commitment for grand larceny.

For a full understanding of the status of relator's present commitment it is necessary to outline briefly the history of his derelictions. On March 23, 1948, he was charged with writing checks without sufficient funds, and when apprehended for that offense he was found to have in his possession a car he had stolen in St. Paul. Subsequently, while in custody pending the disposition of the charge for writing bad checks, he fashioned a key from a piece of furniture and escaped from his cell, in the process of which flight he stole another automobile.

On April 30, 1948, after relator was again apprehended, he was charged with grand larceny in the first degree for the car which he took in the course of his escape and was sentenced to the State Reforma-

tory at St. Cloud. On September 10, 1952, he was removed to a work farm in Keystone Township, Polk County, from which he escaped October 26, 1952, this being the offense for which relator is now in custody. For 2 years he was at large, but in October 1954 he was again arrested, tried, and convicted for transporting a stolen automobile across state lines in violation of the Federal Dyer Act. When that term expired he was returned to Minnesota, and on October 10, 1957, he pled guilty in the District Court of Polk County to the offense of escape from a penal institution, stemming from his departure from the Polk County work farm on October 26, 1952. Although the court suspended the sentence and placed him on probation, he was required to finish the balance of his term for grand larceny which was interrupted by his escape.

In February 1958 relator was again released from the State Reformatory at St. Cloud and his period of probation for the escape began. For reasons which the record does not disclose, the probation was revoked on June 17, 1958, and relator has ever since remained in custody pursuant to his conviction for escape.

The relator's petition for a writ of habeas corpus attacks his conviction for the crime of escape on these grounds: That he had inadequate and ineffective counsel and was not fully informed of his legal rights and applicable law; that he pled guilty under duress; and that the sentence was defective because it was indefinite and failed to specify the duration of the probation. The petition was denied by the District Court of Washington County on October 21, 1960, on the ground that the record before the court was not sufficient to permit the court to grant relief. A motion for rehearing accompanied by a more expanded record was denied on November 3, 1960. In these proceedings the relator appeals from both orders and has filed with his brief what we accept as the minutes of the proceedings of the District Court of Polk County out of which his conviction arose on October 10, 1957.

Inasmuch as the statute prior to April 20, 1961, required that petitions of this kind be heard de novo in the supreme court, we will con-

sider the record in this manner, including the matters which were not available to the trial court. Minn. St. 589.29 and 589.30.[1]

Relator's contention that he was not afforded adequate counsel and was not sufficiently advised of his rights is completely refuted by the record he here presents. Counsel appointed by the court stated that he had had an opportunity to consult with relator extensively. In response to the court's inquiry, relator advised the court that he knew of no reason why he should not be immediately arraigned. The court specifically asked relator whether he had had an adequate opportunity to consult with his court-appointed attorney, to which relator replied, "I have, your honor." Before accepting a plea of guilty, the court again asked relator whether he had had an ample opportunity to discuss the facts of the case with his attorney, to which relator again answered in the affirmative. The court further advised relator that he was being charged with a serious crime, that it might require him to spend additional time in a penal institution, that he was entitled to a jury trial if he so desired, that the state had the burden of proving him guilty beyond a reasonable doubt, that he was entitled to the presumption of innocence during his trial, and that he could if he desired enter a plea of not guilty. Relator advised the court that he understood all of these matters. When asked if any promise had been made to induce a plea of guilty, relator indicated that he understood probation was recommended. Whereupon the court stated:

"THE COURT: Well, I don't want anyone to appear before me and to enter a plea of guilty upon any inducement that any favors would be given him in any way. I don't know at this time what sentence I'm going to impose on you and if you prefer to withdraw your plea, I will allow a withdrawal of the plea.

"THE DEFENDANT: Well, we'll proceed with the Court's permission and see how it progresses.

"THE COURT: Well, no, we are deciding right now whether or not you are to plead guilty or not and whether the plea is to stand.

---

[1]Section 589.30 was amended by L. 1961, c. 660. See State ex rel. McGuire v. Tahash, 260 Minn. 334, 109 N. W. (2d) 762, regarding the effect of the amendment on appeals taken after its enactment.

"THE DEFENDANT: Well,—
"THE COURT: If you feel that the plea should not be made—
"THE DEFENDANT: No, I'll plead guilty, your honor.
"THE COURT: Were there any threats made that if you did not plead guilty that it might be to your disadvantage?
"THE DEFENDANT: No, your honor."

Before relator was sentenced, his attorney made a forceful plea for probation which was then granted.

We have repeatedly held that in criminal matters in the absence of an affirmative showing to the contrary, there is a controlling presumption that counsel has consulted with his client and has in good faith advised him of his rights. State ex rel. Adams v. Rigg, 252 Minn. 283, 288, 89 N. W. (2d) 898, 903, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; State v. Benjamin, 257 Minn. 1, 2, 99 N. W. (2d) 786, 787; State ex rel. Peterson v. Tahash, 260 Minn. 192, 195, 109 N. W. (2d) 328, 331. There is nothing in the present record to show that counsel did not fulfill his obligation with fidelity and competence.

Our function with respect to habeas corpus proceedings has been fully discussed in recent decisions. A judgment of conviction is presumptively valid unless it appears affirmatively from the record that the court is without jurisdiction. The writ is not a substitute for a writ of error or an appeal and may not be used as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. State ex rel. Rajala v. Rigg, 257 Minn. 372, 382, 101 N. W. (2d) 608, 614; State ex rel. Flynn v. Rigg, 256 Minn. 304, 306, 98 N. W. (2d) 79, 82; State ex rel. Thomas v. Rigg, 255 Minn. 227, 234, 96 N. W. (2d) 252, 257; State ex rel. Adams v. Jackson, 254 Minn. 164, 167, 94 N. W. (2d) 285, 287; State ex rel. Naus v. Rigg, 250 Minn. 365, 367, 84 N. W. (2d) 698, 700, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114; State ex rel. Munnell v. Rigg, 260 Minn. 509, 510, 110 N. W. (2d) 294, 296.

With respect to the relator's contention that the sentence was defective for failing to specify the duration of probation, the record shows that the trial court imposed a sentence to the State Prison "until you are

discharged therefrom as provided by law or by competent authority. Of course the execution of this sentence to Stillwater which is today imposed is stayed and the defendant will be placed on probation under the supervision of the State Board of Parole and Probation so long as he complies with the terms and conditions that I have already stated, * * *."

The statute governing the penalty for escape, Minn. St. 613.29, provides that the offense shall be a felony if the escape occurred while defendant was under commitment for a felony. The penalty to be imposed for a felony when not otherwise specified is covered by § 610.16. As amended by L. 1935, c. 167, and subsequent acts, § 610.38 now provides that where the court suspends sentence "[s]uch stay shall be for the full period of sentence." We therefore hold that since the maximum term of the sentence imposed on defendant for the crime of escape was 7 years under § 610.16, the duration of relator's period of probation originating in February 1958 was also 7 years under § 610.38.[2]

Upon a careful scrutiny of the entire record we have no difficulty in holding that the court had jurisdiction over relator and of the offense for which he was convicted, that the sentence was authorized by law, and that relator was not denied any fundamental constitutional rights. The stay having been revoked pursuant to § 610.39, defendant is in custody under a valid judgment; the orders of October 21, 1960, and November 3, 1960, were properly entered; and they are affirmed.

Affirmed.

---

[2]See, also, State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; State ex rel. Soward v. Rigg, 256 Minn. 140, 142, 97 N. W. (2d) 468, 470.