## STATE v. MARVIN CARL PLAGMAN.

121 N. W. (2d) 621.

April 26, 1963—No. 38,602.

*Marvin Carl Plagman,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

ROGOSHESKE, JUSTICE.

Upon a trial by jury, defendant was convicted of the crime of arson in the second degree,[1] and the case is here upon his appeal from the judgment. Although we have a verbatim transcript of the trial, including the charge and all subsequent proceedings resulting in defendant's sentence and commitment to prison, no settled case or bill of exceptions has been submitted.

The record further indicates that during the pendency of the appeal the trial court denied a motion for a new trial. In spite of the procedural deficiencies, defendant's motion was considered on the merits, the written complaints of defendant being received and reviewed after

[1]Minn. St. 621.025.

a copy of the transcript was furnished to him and was available to the court.

■ Under the circumstances, the scope of our review is limited to whether the charge expressed in the information is sufficient to support the judgment.[2] Clearly it is in this case, and defendant makes no contrary claim. However, in view of the procedural history, the existence of the transcript, and defendant's obvious lack of knowledge and understanding of court procedure, we choose to examine the entire record in the same manner as we would if the transcript had been presented as a settled case.[3]

■ The record discloses that in the nighttime on January 28, 1961, fire destroyed a summer cottage owned by defendant. It was one of the outbuildings comprising defendant's homestead, which is located on a tract northwest of the city of Alexandria, Minnesota. The cottage is on the shore of Stony Lake, a short distance from the defendant's dwelling house. Before the fire, defendant called the electric power company when he and his daughter observed the lights dim while they were watching television. Immediately thereafter defendant observed the flames and called the city fire department, but the fire had progressed to such a stage that total destruction of the building and contents could not be prevented. In an insurance claim which he submitted and later withdrew, defendant estimated the value of the contents at over $2,800 and of the building at over $1,000. This estimate in support of his claim was withdrawn shortly before February 24, 1961, when defendant voluntarily signed a complete, typewritten confession.

The confession resulted from his willing submission to a lie detector test requested by an assistant state fire marshal who made a routine investigation, presumably to determine the cause of the fire. In the confession defendant unequivocally admitted that he "burned a summer cottage" by permitting a lighted cigarette to fall into and remain in a box or on a mattress when he was in the cottage around 5 p. m. on the day of the fire. After he signed the confession, he orally repeated his confession to the sheriff of Douglas County and to the investigating

---

[2] 1 Dunnell, Dig. (3 ed.) § 344.
[3] State v. Benjamin, 257 Minn. 1, 99 N. W. (2d) 786.

fire marshal, and the next day to an insurance agent who had issued the policy covering the property and with whom he had had dealings extending over several years. Two days later, when he was brought before the municipal court for a preliminary hearing, before he waived his right thereto following an explanation of its purpose, he admitted that he set the fire. Seven days later, represented by an attorney chosen and retained by him, he appeared for arraignment before the district court and entered a plea of not guilty. At trial, which commenced 10 days later, he repudiated his written and oral confessions, testifying that he did not intentionally set the fire but that it was the result of carelessness for which he felt a sense of guilt. He explained that his previous statements were the result of distress he was suffering as a consequence of family and financial troubles. His wife testified that he had been injured a few years before and since then had been forgetful and careless in leaving lighted cigarettes about.

Defendant's chief complaint at trial and here, and the only point we deem susceptible of argument, is that the state failed to prove the corpus delicti. It is fundamental that the essential elements of the crime charged are that the building burned, that the fire was willfully set by someone, and that defendant was the person who intentionally set the fire. That there was a fire willfully set by someone is the corpus delicti of the crime charged. In arson, as in other criminal cases, the evidence must be sufficient to establish the corpus delicti apart from any confession made by defendant,[4] and the trial court so charged the jury. Minn. St. 634.03 is our statutory declaration of this rule. While the rule is clear, its application in a case of this kind is troublesome. We are convinced, however, that there is sufficient evidence to establish the corpus delicti. The existence of a motive, together with defendant's conduct in calling the power company in view of the evidence negating defective wiring as a cause of the fire, and his conduct in withdrawing an insurance claim—none of which were part of any confession—would permit the jury to find that the fire was of incendiary origin. Furthermore, we have held the statutory requirement of § 634.03 is satisfied when a full, written confession is followed by a "formal and

[4] 2 Dunnell, Dig. (3 ed.) § 520a.

spontaneous act of appearing in court and making a further solemn and unequivocal admission not only of *corpus delicti*, but also of personal guilt." State v. McClain, 208 Minn. 91, 95, 292 N. W. 753, 754. Such words and conduct were held to be corroborating proof of the confession as well as proof of corpus delicti.

Defendant's other claims concerning misconduct of a juror, incompetence of the fire marshal as a witness, and generally a denial of his constitutional rights are so lacking in merit that they may be disposed of by simply declaring that they provide no basis whatsoever upon which the judgment could be set aside. Upon the entire record, assuming the transcript was presented as a settled case, we conclude that the evidence amply supports the verdict.

Affirmed.