STATE of Minnesota, ex rel. Norman Scott ALLEN, Petitioner, Appellant,

v.

Joan FABIAN, Commissioner of Corrections, Respondent.

No. C0–03–17.

Court of Appeals of Minnesota.

April 8, 2003.

John M. Stuart, State Public Defender, Cathryn Middlebrook, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, Kari Jo Ferguson, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, HARTEN, Judge, and HALBROOKS, Judge.

## OPINION

TOUSSAINT, Chief Judge.

This is an expedited appeal from an order denying appellant Norman Allen's petition for a writ of habeas corpus challenging his confinement following a revocation of his supervised release. Appellant argues that the district court erred in summarily denying the petition and appellant's motion for reconsideration. We reverse and remand.

## FACTS

Allen was convicted and sentenced in 1999 for third-degree criminal sexual conduct. According to an affidavit Allen submitted to the district court in support of his petition, this conviction was for having sexual intercourse with the teenage daughter of Allen's girlfriend. Allen was originally released from prison on supervised release on March 7, 2000. Allen states that he was not prohibited at that time from having access to a computer or to the Internet. After his first revocation and a return to prison, Allen was released from prison again on February 14, 2002. A special condition was added to his release that prohibited him from owning or operating a computer with Internet-access capabilities or from accessing the Internet without his probation officer's approval.

After Allen purchased a cellular phone with Internet capabilities, Allen's probation officer initiated proceedings to revoke his supervised release. Following a hearing, the Department of Corrections Hearing Officer revoked Allen's supervised release and assigned him 365 days in prison. The hearing officer also ordered that Allen complete a sex-offender treatment program in prison before he could be released.

About seven months later, Allen filed a petition for a writ of habeas corpus, claiming that the no-Internet-access condition was not reasonably related to his offense and unduly restricted his liberty. Allen alleged that this finding "contributed to" the Department of Correction's decision to revoke his supervised release. Allen also complained that the sex offender treatment program at Lino Lakes could not be completed within the 365 days he was ordered to serve.

The district court summarily denied Allen's petition before respondent had filed a reply, citing Allen's failure to provide a transcript of the proceedings leading to his criminal conviction. Allen then filed a motion to reconsider, which the district court denied on the grounds that Allen had not sought the court's permission to file the motion. *See* Minn. R. Gen. Pract. 115.11 (providing that motions to reconsider are prohibited except by express permission of the court, which is to be sought only by letter). This appeal followed.

### ISSUE

Was appellant required to file a copy of his arraignment and sentencing transcripts with his petition for writ of habeas corpus?

### ANALYSIS

■ This court gives great weight to the district court's findings in considering a petition for habeas corpus and will uphold those findings if they are reasonably supported by the evidence. *State ex rel. Holecek v. Ross,* 472 N.W.2d 185, 186 (Minn. App.1991). This court, however, reviews questions of law de novo. *State ex rel. McMaster v. Benson,* 495 N.W.2d 613, 614 (Minn.App.1993), *review denied* (Minn. Mar. 11, 1993).

■ The district court construed Minn. Stat. § 589.04(e) (2002) as requiring a habeas petitioner to support his petition with copies of the arraignment and sentencing transcripts even when the petitioner is confined following a revocation of supervised release. The construction of a statute is a legal question subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

The statute provides, in pertinent part, as follows:

A petition for a writ of habeas corpus must contain information set forth in paragraphs (a) to (e):

* * *

(e) * * * If the confinement results from conviction of a crime and sentence, the petitioner shall include a transcript of the proceedings taken at the time of arraignment and sentence in the court which imposed the sentence. If the petitioner is unable to attach the documents required by this paragraph, the petitioner shall state the reasons for not doing so.

Minn.Stat. § 589.04(e) (2002). The district court summarily denied appellant's petition because he did not attach copies of his arraignment and sentencing transcripts and did not state any reasons for his failure to do so.

■ Appellant argues that Minn.Stat. § 589.04(e) does not apply here because his confinement resulted from a revocation of supervised release, not "from conviction

916

of a crime and sentence." *Id.* We agree. Certainly, revocation of supervised release can only occur at some point in time after a person has been convicted of a crime and sentenced. But revocation results directly not from the district court's sentence but from the Department of Corrections' finding of a violation of the supervised release the defendant has gained by serving a portion of his prison term. *See* Minn.Stat. § 244.05, subd. 3(2) (2002); *see generally State v. Schwartz,* 628 N.W.2d 134, 138–41 (Minn.2001) (holding that commissioner of corrections' broad authority over supervised release, including revocation of that release, does not violate the separation of powers).

 Supervised release replaces parole, which, as the Supreme Court noted years ago, "is not part of a criminal prosecution." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

> Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive.

*Id.*

The statutory requirement that the habeas petition be supported by transcripts from the arraignment and sentencing dates back to a time when inmates routinely used habeas corpus as a means to obtain review of their criminal convictions or sentences. *See* Minn.Stat. § 589.04(4) (1961) (requiring attachment of arraignment and sentencing transcripts); *see generally Breeding v. Utecht,* 239 Minn. 137, 139, 59 N.W.2d 314, 316 (1953) (holding scope of habeas review of confinement under criminal sentence was limited to whether criminal court had personal and subject-matter jurisdiction and whether the sentence was authorized by law). The transcript of the arraignment would show whether the court had personal jurisdiction, and the sentencing transcript would indicate whether the sentence was authorized. But following the enactment of the postconviction statute, habeas petitions were generally no longer used to attack a criminal conviction or sentence. *See Kelsey v. State,* 283 N.W.2d 892, 894 (Minn.1979). Those transcripts would presumably have no bearing on Allen's claim that the no-Internet-access condition was illegal and that his supervised release should not have been revoked for violating it.

 The general rule is that a petition for habeas corpus should be liberally construed in favor of the liberty of the citizen. *State ex rel. Adams v. Jackson,* 254 Minn. 164, 166, 94 N.W.2d 285, 286 (1959). We cannot construe Minn.Stat. § 589.04(e) as requiring documentation from the petitioner's criminal prosecution when he is challenging a revocation of supervised release.

We conclude that the district court erred in summarily denying the petition and remand for further proceedings on the petition. Because this appeal was timely filed from the order denying the petition, we need not address the district court's denial of appellant's motion for reconsideration.

### DECISION

Appellant's habeas petition challenging the revocation of his supervised release was not required to be supported by his arraignment and sentencing transcripts. Therefore, the district court erred in summarily denying the petition.

**Reversed and remanded.**